Affirmed in part and reversed and remanded in part.

**RUTHERFORD** et al. **v. MULDOON** et al.
No. 5347.

District Court of Alaska. Fourth Division. Fairbanks.
Dec. 17, 1946.

Cecil H. Clegg, of Fairbanks, for plaintiffs.

Bailey E. Bell and Warren A. Taylor, both of Fairbanks, for Bailey E. Bell, trustee, and Alaska Const. Co.

PRATT, District Judge.

In the last half of 1944, the Alaska Construction Company, a copartnership firm engaged in the building business, contracted to tear down an old building and build a new one in its place for the defendant A. C. Muldoon. The construction company completed its contract in 1944, and, before the beginning of the calendar year of 1945, had a completed cause of action against the defendant Muldoon for the contract price.

On January 10, 1945, the Alaska Construction Company assigned all of its assets to Bailey E. Bell, assignee for the benefit of its creditors.

On April 11, 1945, the Alaska Construction Company and Bailey E. Bell, assignee, commenced an action against A. C. Muldoon for the contract price and obtained a verdict

for the same on the 19th of December, 1945, which was followed by a judgment on the 6th day of September, 1946. The cause was number 5278 of this court.

In 1944 the Alaska Construction Company purchased material from the Independent Lumber Company and built therefrom two small portable buildings, commonly known as wanigans. The Alaska Construction Company moved them onto the land of A. C. Muldoon and sold them to him after having affixed them to his soil.

The Alaska Construction Company did not pay for said material, so the Independent Lumber Company filed a lien claim against the buildings and the land of A. C. Muldoon. All of the above was done in the year of 1944.

In Cause No. 5347, the Independent Lumber Company, as plaintiff, commenced an action upon the 19th day of July, 1945, for the value of said materials and the foreclosure of its aforesaid lien. It made the Alaska Construction Company, Bailey E. Bell, and A. C. Muldoon defendants in the action.

A money judgment was entered upon the 8th day of February, 1946, for the value of the material against the Alaska Construction Company, but not against Bailey E. Bell, assignee, or A. C. Muldoon, except that it was adjudged that the plaintiff had a lien on the ground and buildings of A. C. Muldoon to secure the payment of said judgment.

In October of 1946 the Independent Lumber Company in said Cause No. 5347 served notices of garnishment on execution upon A. C. Muldoon. He answered and delivered to the marshal the full amount of money which he owed on the judgment in Cause No. 5278.

On the 8th day of November, 1946, the plaintiffs in said Cause No. 5278 caused a writ of execution to be issued therein and levied upon the bank account and real estate of A. C. Muldoon. Upon the 14th day of November, 1946, the defendant A. C. Muldoon filed a motion to quash and set aside the levy of said execution upon the ground that he

had fully paid the judgment in that case, by reason of having paid the full amount thereof to the marshal in said garnishment proceeding in Cause No. 5347.

It should be noted that the Alaska Construction Company and Bailey E. Bell, assignee, were the plaintiffs to whom A. C. Muldoon was indebted in Cause No. 5278, while in Cause No. 5347 the Independent Lumber Company had a judgment against the Alaska Construction Company only and not Bailey E. Bell.

It should also be noted that in both of said actions the pleadings show that the Alaska Construction Company had assigned all of its assets to Bailey E. Bell as assignee for the creditors and that this assignment took place upon the 10th day of January, 1945.

Section 3379, Compiled Laws of Alaska, 1933, provides that in an action by an assignee of a thing in action the action shall be without prejudice to any set-off or other defense existing at the time of the assignment.

The laws of Alaska make no provision for assignments for the benefit of creditors, so the same would be governed by the common law, which, by special statute, is made applicable to Alaska where not in conflict with the statutory law.

In 6 C.J.S., Assignments for Benefit of Creditors, § 156, page 1317, it is stated that an assignee for the benefit of creditors is not a purchaser for a valuable consideration without notice; he takes subject to all equities and defenses which might be urged against the assignor.

Inasmuch as the causes of action in both of the above-mentioned actions arose in 1944 and A. C. Muldoon's land was impressed with a completed lien in 1944 for material purchased by the Alaska Construction Company in 1944, A. C. Muldoon could have paid the judgment in the Independent Lumber Company case and have had a completed cause of action or defense or set-off for repayment against the Alaska Construction Company's cause of action in Cause No. 5278. This cause of action or defense or set-off

was available against Bailey E. Bell, assignee, as well as against the Alaska Construction Company.

However, A. C. Muldoon did not pay off the Independent Lumber Company judgment lien but merely answered and paid as a debtor under garnishment.

He answered that he owed the defendants in the Independent Lumber Company case a sum of money, although the defendants were merely the Alaska Construction Company, whereas the plaintiffs whom Muldoon owed in Cause No. 5278 were the Alaska Construction Company and Bailey E. Bell, assignee. The pleadings in both cases showed that the Alaska Construction Company had on the 10th of January, 1945, assigned all of its assets to Bailey E. Bell, assignee, for the benefit of creditors.

 Thus at the time of the garnishment A. C. Muldoon knew that Bailey E. Bell was the legal owner of the judgment in Cause No. 5278 and that the Alaska Construction Company had merely an equitable interest. Consequently, the answer and payment by A. C. Muldoon to the Independent Lumber Company on garnishment was unauthorized and did not extinguish the judgment against A. C. Muldoon in Cause No. 5278.

It is true that as the Independent Lumber Company had a lien upon Muldoon's ground, he was compelled to see that the judgment was paid and could have paid the same and upon such payment he would have had a cause of action against the Alaska Construction Company and Bailey E. Bell, assignee, to the extent of the assigned assets. He could likewise have enjoined the enforcement of the judgment in Cause No. 5278, as Bailey E. Bell was subject to the equities and defenses existing in favor of Muldoon in 1944 and against the Alaska Construction Company. However, this was not what Mr. Muldoon did.

But, even if Muldoon had paid off the Independent Lumber Company lien and had thereby acquired a cause of action against the Alaska Construction Company which was good as against Bailey E. Bell, assignee, it is not believed

that a motion to quash the execution in Cause No. 5278 would be the proper remedy.

In 42 C.J., page 468, section 14, it states: "A motion is not an independent right * * * but implies the pendency of a suit between the parties, * * *."

On page 469 it states, with reference to a motion, that it "cannot be used in lieu of a suit for enforcing a distinct legal right."

The motion to quash the writ and set aside the levy of execution should, therefore, be denied. ·